## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANASTASIOS [TOMMY]** | : | **CIVIL ACTION NO. 1:08-CV-0539** |
| **KALOMIRIS,** | : | |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **THE MONROE COUNTY** | : | |
| **SYNDICATE**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

### ORDER

AND NOW, this 29th day of July, 2008, upon consideration of defendants'

motion to strike (Doc. 36) plaintiffs' addendum to his brief in opposition[1] (Doc. 31)

because plaintiff filed it without leave of court in violation of Local Rule 7.7,[2] and of

the court's order to show cause (Doc. 42) why the motion should not be granted as

---

[1] Plaintiff filed a consolidated brief in opposition to the outstanding motions to dismiss on May 12, 2008. (See Doc. 26.) Defendants then filed a reply in support of one of the motions, (see Doc. 27), after which plaintiff submitted a supplemental document styled "An Addendum[] To Plaintiff's Composite [] Brief in Opposition" (Doc. 31). This addendum, which defendants characterize as a surreply brief, is the subject of the pending motion to compel.

[2] Alternatively, defendant's motion states that the addendum "addresses issues beyond those raised in [the] complaint," (Doc. 36 ¶ 8) and requests that the court "limit Plaintiff's claims and cause [sic] of action to those as raised in his Complaint," (id. ¶ 10). However, neither defendant's motion nor supporting brief specifies which portions of the addendum exceed the scope of the complaint. Such a request is also premature in light of the six pending motions to dismiss. After resolution of these motions, the parties will be better poised to evaluate which claims will continue forward and to formulate their respective positions with regard to those claims. Accordingly, the court will deny defendant's motion on this basis at the present time.

unopposed,[3] and of plaintiff's response thereto (Doc. 43), in which plaintiff states that he filed the addendum "to clarify the Plaintiff's original Complaint," (id. at 1), and it appearing that plaintiff's addendum succinctly enumerates the claims that plaintiff advances against defendants,[4] (see Doc. 31 at 2-3), and thereby serves to clarify the allegations set forth more fully in plaintiff's fifteen-page complaint, (see Doc. 1), it is hereby ORDERED that:

---

[3]Plaintiff failed to file a brief in opposition to the motion to strike.

[4]Plaintiff's addendum and his response to the show cause order also contain unsubstantiated suggestions that defendants and their attorneys engaged in perjury and the false submission of evidence by filing their motions to dismiss. (See Doc. 31 at 2 ("[D]efendants and their attorneys [in the above-captioned matter] have knowingly delivered perjured and false and misleading statements to the Court in order for the Court to dismiss this action against them."); Doc. 43 at 1 ("Plaintiff reminds the Defendants's [sic] attorneys . . . [that] it is a felony to knowingly submit false evidence to the Court. . . .")). Such statements are particularly troubling because they appear to vilify defendants solely by virtue of their attempts to defend against plaintiff's complaint in a manner authorized by the Federal Rules of Civil Procedure. See FED. R. CIV. P. 12(b). Defendants are entitled to present legal defenses to the court in the same manner that plaintiff is entitled to present his claim for relief. Of course, plaintiff may rebut these defenses in any manner authorized by applicable substantive and procedural law. Going forward, the court expects that all parties will refrain from bald, unsupported allegations that opposing parties have engaged in perjury or other ethical violations. Such unsupported allegations serve only to tarnish the decorum of the court and are improper under the Federal Rules of Civil Procedure. See FED. R. CIV. P. 11(b)(1) (stating that papers must not be filed with the court for improper purposes, such as to "harass" another party); Donnelly v. Commwealth Fin. Sys., No. 3:07-CV-1881, 2008 WL 762085, at *4 (M.D. Pa. Mar. 20, 2008) (observing that a pleading contains "scandalous matter" is that which "casts a derogatory light on someone" or that "reflect[s] cruelly upon the defendant's moral character" (citations omitted); Carone v. Whalen, 121 F.R.D. 231, 234 (M.D. Pa. 1988) (striking a complaint under Rule 12(f) because it made unsubstantiated allegations of perjury and displayed a "vengeful and vindictive temperament").

1.  Defendant's motion to strike (Doc. 36) is DENIED.

2.  Plaintiff's addendum (Doc. 31) is CONSTRUED as a motion pursuant to Local Rule 7.7 for leave to file a surreply to the reply brief (Doc. 27) filed on May 15, 2008.  The motion is GRANTED as so construed.[5]

3.  The Clerk of Court is directed to AMEND the addendum's (Doc. 31) docket annotation to reflect its status as a surreply to the reply brief (Doc. 27) filed on May 15, 2008.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[5] Henceforth the court will expect all parties to comply with applicable provisions of the Federal Rules of Civil Procedure and the Local Rules of Court. Failure to do so may result in the striking of improper filings or other any other sanctions authorized by the federal and local rules.  (See Doc. 42 at 2 n.1.)