```
               UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ANASTASIOS (TOMMY)            :    CIVIL NO. **1:08-CV-00539**
KALOMIRIS,                    :
              Plaintiff       :    (Judge Conner)
                              :
         v.                   :    (Magistrate Judge Smyser)
                              :
THE MONROE COUNTY SYNDICATE,  :
et al.,                       :
                              :
              Defendants      :
```

**REPORT AND RECOMMENDATION**


I. Background and Procedural History.


   The plaintiff commenced this action by filing a complaint on March 24, 2008. The claims in this case concern incidents that occurred on two separate dates - March 17th and May 14th - in 2006 and the criminal charges against the plaintiff arising from those incidents.


   By a Memorandum and Order dated January 8, 2009, Judge Conner dismissed all of the claims contained in the complaint. However, Judge Conner dismissed some of the claims without prejudice to the plaintiff filing an amended complaint. The Order of January 8, 2009 provided that the plaintiff shall be

permitted to file an amended complaint on or before February 23, 2009 for purposes of pleading a malicious prosecution claim upon which relief can be granted against defendant Cuvo and for purposes of pleading a conspiracy claim upon which relief can be granted against defendants Cuvo, Dodson, Knapp, Wentzel, Koehler, Laudenslager, Salter, Knitter, Costenbaden and Warden. The Order of January 8, 2009 also quashed service of the summons and complaint upon defendants Cuvo and Dodson, provided that, on or before February 23, 2009, the plaintiff shall effectuate service upon defendants Cuvo and Dodson in a manner consistent with Fed.R.Civ.P. 4, and provided that failure to effect service may result in dismissal of the claims against these defendants. Further, the Order of January 8, 2009 provided that, on or before February 6, 2009, the plaintiff shall show cause why the claims against defendants Charles Hazen and Jodi Hazen should not be dismissed for failure to effect service and that the claims against these defendants will be dismissed absent a showing of good cause.

By an Order dated January 9, 2009, the case was referred to the undersigned magistrate judge for pre-trial management.

By an Order dated March 13, 2009, we granted the plaintiff an extension of time until April 30, 2009 to comply with the Order of January 8, 2009.

On April 24, 2009, the plaintiff filed an amended complaint.

On May 4, 2009, defendant Knitter filed a motion to dismiss the amended complaint and a brief in support of that motion. On May 5, 2009, defendants Dodson and Cuvo filed a motion to dismiss the amended complaint and a brief in support of that motion. On May 12, 2009, defendants Knapp, Wentzel, Koehler, Laudenslager, Salter and Costenbaden filed a motion to dismiss the amended complaint and a brief in support of that motion.

By an Order dated June 5, 2009, the claims in the amended complaint against defendants Charles Hazen, Jodi Hazen, York, Muth, Wallach Miller, Christine, Matthews and O'Donnell were dismissed.

After being ordered to do so by Judge Conner, on August 10, 2009, the plaintiff filed a brief in opposition to the motions to dismiss the amended complaint.

On August 10, 2009, defendants Dodson and Cuvo filed a reply brief in support of their motion to dismiss the amended complaint. On August 17, 2009, defendants Knapp, Wentzel, Koehler, Laudenslager, Salter and Costenbaden filed a reply brief in support of their motion to dismiss the amended complaint.

II. Motion to Dismiss and Pleading Standards.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

4

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).  Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* at 1965.  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* __ F.3d __, 2009 WL 2501662 at *5 (3d Cir. Aug. 18, 2009).  "A complaint has to "show" such an entitlement with its facts." *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly, supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 127 S.Ct. at 2200 (2007)(quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

In his amended complaint and in his brief in opposition to the pending motions to dismiss the amended complaint, the plaintiff states that he stands by his original complaint. As indicated above, however, Judge Conner has already analyzed the

original complaint, found that it fails to state a claim upon which relief can be granted, dismissed all of the claims contained in the complaint and granted the plaintiff leave to file an amended complaint for purposes of pleading a malicious prosecution claim upon which relief can be granted against defendant Cuvo and for purposes of pleading a conspiracy claim upon which relief can be granted against defendants Cuvo, Dodson, Knapp, Wentzel, Koehler, Laudenslager, Salter, Knitter, Costenbaden and Warden.  Contrary to the plaintiff's suggestion, there is no basis to reconsider the claims in the original complaint.

    A. Malicious Prosecution.

We turn to whether the amended complaint corrects the deficiencies of the original complaint noted by Judge Conner in his Memorandum and Order of January 8, 2009 with respect to the malicious prosecution claim against defendant Cuvo.

In his Memorandum and Order of January 8, 2009, Judge Conner analyzed the malicious prosecution claim against defendant Cuvo as follows:

> A malicious prosecution claim requires a plaintiff to demonstrate that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007); O'Malley v. Lukowich, No. 3:08-CV-0680, 2008 WL 4861477, at *7 (M.D. Pa. Nov. 7, 2008). The final element requires the plaintiff to establish impairment of the plaintiff's liberty through arrest, pretrial supervision, the posting of bail, or some other significant physical restriction. DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005); Stolinski v. Pennypacker, No.Civ.A. 07-3174, 2008 WL 5136945, at *8 (D.N.J. Dec. 4, 2008). Mere compulsory attendance at trial will not support a malicious prosecution claim. DiBella, 407 F.3d at 603.
>
> In the instant matter, Kalomiris alleges that Cuvo filed a criminal citation against him, that the charges set forth in the citation were false, and that the charges were dismissed. He also contends that Cuvo acted out of malice, as demonstrated by Cuvo's offensive demeanor toward him on March 17, 2006. However, it is unclear from the complaint whether Kalomiris suffered a deprivation of his liberty sufficient to support the malicious prosecution claim. The complaint implies that he attended a criminal trial but is silent with respect to issues such as arrest, pretrial supervision, or

8

> bond. Cuvo's motion to dismiss (Doc. 18) will
> be granted, and Kalomiris will be permitted to
> file an amended complaint alleging a
> deprivation of his liberty "consistent with the
> concept of seizure as a consequence of a legal
> proceeding." Johnson, 477 F.3d at 82.

*Doc. 46* at 27-28 (footnote omitted).

In his amended complaint, the plaintiff has not alleged that he was arrested as a result of the March 17, 2006 incident, that he was placed on pretrial supervision, that he had to post bail or a bond or that he was subject to any other significant physical restriction as a result of the March 17, 2006 incident. The plaintiff has not alleged a deprivation of his liberty consistent with the concept of seizure as a consequence of a legal proceeding. Accordingly, the amended complaint fails to state a malicious prosecution claim against defendant Cuvo upon which relief can be granted.

B. Conspiracy.

We next turn to whether the amended complaint states a federal conspiracy claim against the moving defendants (defendants Knitter, Dodson, Cuvo, Knapp, Wentzel, Koehler, Laudenslager, Salter and Costenbaden).

9

In his Memorandum and Order of January 8, 2009, Judge Conner analyzed the Section 1983 conspiracy claim as follows:

> . . . A conspiracy claim requires the plaintiff to demonstrate that multiple individuals, at least one of whom is a state actor "reached an understanding to deny [the plaintiff] his rights under § 1983." Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Limehouse v. Delaware, 144 F. App'x 921, 923 (3d Cir.2005). The plaintiff must plead the facts of the conspiracy with particularity, identifying the precise conduct giving rise to the claim. Houghton v. Dauphin County Emergency Mgmt. Agency, No. 1:07-CV-0315, 2007 WL 1200133, at *3 (M.D.Pa. April 30, 2007). "Sufficiently particularized pleadings will include '(1) the period of the conspiracy, (2) the object of the conspiracy, and (3) certain actions of the alleged conspirators taken to achieve that purpose.'" Id. (quoting Aguilar v. Pa. Apply Mktg Prog., No. 1:05-CV-0804, 2006 WL 167820, at *5 (M.D. Pa. Jan. 19, 2006)). Vague or conclusory allegations of collusion are insufficient to plead a conspiracy claim. Concert v. Luzerne County Children & Youth Servs., No. 3:CV-08-1340, 2008 WL 4753709, at *2 (M.D. Pa. Oct. 29, 2008).
>
> In the instant matter, the complaint avers a conspiracy in perfunctory format. It does not delineate an express agreement, nor does it proffer facts demonstrating the existence of an implied agreement. It depicts defendants as a disparate association of individuals related to one another solely through their interactions with Kalomiris. His allegations do not reflect shared collusive scienter among them, and the conspiracy claim fails as a result. Despite these defects, "allegations [that] lack the requisite particularly generally warrant[] the opportunity for amendment." Houghton, 2007 WL 1200133, at *3 (citing Freedman v. City of

10

> Allentown, 853 F.2d 1111, 1115 (3d Cir. 1988).
> The court will therefore grant Kalomiris leave
> to file an amended complaint that describes
> with particularity the facts upon which
> Kalomiris alleges a conspiratorial agreement
> and the acts that defendants performed in
> furtherance thereof.

*Doc. 46* at 29-30 (footnote omitted).

In his amended complaint, the plaintiff alleges that defendants Salter, Knitter, Koehler, Laudenslager and Costenbaden knowingly and maliciously lied about his actions and the events at issue, that they never saw or heard him commit any offense, that they knowingly conspired to lodge false and malicious charges against him and that they offered perjured testimony to the court. He also alleges that defendants Laudenslager and Knitter physically assaulted him. He alleges that defendants Wentzel and Knapp failed to properly train and supervise their employees.

The plaintiff alleges that defendants Cuvo and Dodson failed to investigate the March 17, 2006 incident, failed to take statements from witnesses and was abusive toward him. He alleges that on May 14, 2009, defendant Cuvo refused to take a complaint from him although he told her he had been assaulted and that she did not speak with or take reports from witnesses.

11

He alleges that the actions of defendants Cuvo and Dodson were motivated by their personal friendship with the other defendants.

The allegations in the amended complaint are similar to the allegations in the original complaint. Like the original complaint, the amended complaint alleges a conspiracy in conclusory terms. The amended complaint fails to allege either an express or implied agreement among the defendants to violate the plaintiff's rights. The factual allegations in the amended complaint do not lead to a reasonable inference that the defendants conspired to violate the plaintiff's rights. Accordingly, the amended complaint fails to state a 42 U.S.C. § 1983 conspiracy claim upon which relief can be granted. It will be recommended that the conspiracy claim against the moving defendants (defendants Knitter, Dodson, Cuvo, Knapp, Wentzel, Koehler, Laudenslager, Salter and Costenbaden) be dismissed.

C. Other Defendants and Other Claims.

In his brief in opposition to the pending motions to dismiss, the plaintiff claims that all of the defendants

conspired against him. Defendants Warden, Ford, Fiorentino, Martha Miller and Joseph Miller have not moved to dismiss the amended complaint. However, for the reasons indicated above, the amended complaint fails to state a conspiracy claim upon which relief can be granted against these defendants. Accordingly, it will be recommended that the conspiracy claim against defendants Warden, Ford, Fiorentino, Martha Miller and Joseph Miller be dismissed *sua sponte*. *See Doc. 46* at 15 n.18 (noting that a court may dismiss a complaint *sua sponte* if the complaint affords a sufficient basis for that action).

In the absence of a conspiracy with a person acting under color of state law, the amended complaint also fails to state any other 42 U.S.C. § 1983 claims against defendants Ford, Fiorentino, Martha Miller, Joseph Miller, Koehler, Salter, Costenbaden, Laudenslager, Knitter, Wentzel and Knapp because *inter alia* the plaintiff has not alleged facts from which a reasonable inference can be drawn that these defendants were acting under color of state law. Accordingly, to the extent that the amended complaint is construed to attempt to state any claims in addition to conspiracy claims against these defendants it will be recommended that those claims be dismissed *sua sponte.*

13

In the amended complaint, the plaintiff alleges that defendant Warden[1] failed to take any complaints from him. Defendant Warden filed an answer to the amended complaint. Since defendant Warden did not move to dismiss the amended complaint but rather filed an answer to the amended complaint, we will not undertake to analyze at this point whether the amended complaint states a claim (other than a conspiracy claim) upon which relief can be granted against defendant Warden.

IV. Recommendations.

Based on the foregoing, it is recommended that the motions (docs. 58, 60 & 63) to dismiss the amended complaint be granted and that all claims against defendants Knitter, Dodson, Cuvo, Knapp, Wentzel, Koehler, Laudenslager, Salter and Costenbaden be dismissed. It is further recommended that all claims against defendants Ford, Fiorentino, Martha Miller and Joseph Miller be dismissed and that the conspiracy claim

---

1. The amended complaint does not identify the position of defendant Warden. However, in prior filings defendant Warden is identified as the Prothonotary of Monroe County. *See Doc. 17.*

14

against defendant Warden be dismissed.  Finally, it is recommended that the case be remanded to the undersigned for further proceedings on the remaining claim against defendant Warden.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: September 11, 2009.