UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANASTASIOS (TOMMY) KALOMIRIS, | : | CIVIL NO. **1:08-CV-00539** |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| GEORGE WARDEN, | : | |
| | : | |
| Defendant | : | |

## **REPORT AND RECOMMENDATION**

The *pro se* plaintiff is Anastasios Kalomiris.  The

remaining defendant is George Warden, who is the Prothonotary

and Clerk of the Court of Common Pleas of Monroe County,

Pennsylvania.[1]

Defendant Warden has filed a motion for sanctions.  It

is stated in support of the motion that the plaintiff has not

produced responses to discovery requests of the defendant as

ordered by the court by Order of December 23, 2009, granting a

motion of the defendant to compel discovery.  (Doc. 85).  It is

_____

1.  The complaint and amended complaint were dismissed as to
the other defendants.  (Docs. 45, 65 and 81).

also stated that the plaintiff did not appear at a deposition that the defendant had scheduled for January 8, 2010 and of which the defendant had on December 23, 2009 provided notice to the plaintiff.  The defendant has filed a brief in support of the motion for sanctions.  (Doc. 88).  The plaintiff has not filed a brief in opposition to the defendant's motion.  He is deemed under Rule 7.6 of the Rules of Court for the Middle District not to oppose the motion.  He has submitted letters to the court, stating that he is available for depositions only on certain days and only under conditions that satisfy his safety concerns.  He also asserts that the court has not answered his letters and that the court is required to answer his letters.[2]

---

2.  A request to the court for an order is to be made by a motion.  Rule 7(b) of the Federal Rules of Civil Procedure. The court is not required to respond to letters.  As for considering letters to be briefs, the requirements of Local Rules 7.6 and 7.7 for briefs in opposition and for reply briefs are triggered by the filing of briefs in support and briefs in opposition.  The filing of a letter does not give rise to a duty on the part of an opposing party to file a brief, and the court would not facilitate the correct working of these rules as intended, and would create confusion and potential unfairness to other parties, if the court were to consider letters to be briefs.  The plaintiff, although he is proceeding *pro se*, is aware of how to prepare and to file a brief.  He has done so on multiple occasions in this case.  He has also been

(continued...)

2

(Doc. 91).

The motion of the defendant asking for sanctions to be imposed against the plaintiff is unopposed. LR 7.6. It should accordingly be granted, and an appropriate form of sanction should be imposed. The sanction requested by defendant Warden is the dismissal of the plaintiff's complaint. It is not clear that the sanction of dismissal would be appropriate for the discovery violations, and a hearing on the issue of appropriate sanctions may be scheduled if the case is otherwise to go forward.

Defendant Warden has also filed a motion for summary judgment.

The allegation made by the plaintiff in the amended complaint against defendant Warden is that defendant Warden, acting as the Clerk and Prothonotary of the Court of Common

2. (...continued)
made aware of this requirement of LR 7.6 and of the application of the rule.

Pleas of Monroe County, "[f]ailed to take any complaints from

Plaintiff Kalomiris." (Doc. 56).


The motion of defendant Warden for summary judgment is

supported by the affidavit of defendant Warden. Defendant

Warden states in part:

> 7. As a Prothonotary and Clerk of Courts, it is
> not my usual function to process filings for
> litigants and pro se criminal defendants. I
> have a staff which is primarily responsible for
> these functions.
>
> 8. I recall having met Mr. Kalomiris on several
> occasions when we discussed the proper form of
> pleadings he wished to file to appeal civil
> judgments entered against him by Magisterial
> District Judges.
>
> 9. I recall Mr. Kalomiris being confused how to
> file his document when he was a plaintiff or a
> defendant in a case he desired to appeal and
> having provided him advice on these issues.
>
> 10. I do not recall personally refusing to file
> any documents he desired to file in the
> criminal cases he references in his complaint.
>
> 11. If a member of my staff refused to file a
> legal document for Mr. Kalomiris, I have no
> recollection of such a refusal.

(Doc. 95).

In opposition to the motion of defendant Warden for summary judgment, the brief of the plaintiff (Doc. 96) states:

> [p]laintiff strongly opposes any summary judgement on Defendant George Warden's behalf. Plaintiff demands a dismissal due to the fact that the Plaintiff offered the defendant and his attorney on numerous occasions the opportunity to schedule a deposition and has not done so. The Plaintiff has submitted to the defendant's attorney and the Court on numerous occasions the documents that was asked for. No response from the Court has been given to the Plaintiff whatsoever. Due to the negligence of the Court to respond to the Plaintiff's last three briefs; the Plaintiff demands a complete dismissal of the defendant's motions submitted by his attorney.

He presents no affidavit or other documentation.

On February 26, 2010, after the reply brief was filed, the plaintiff filed a "Reply Brief of Plaintiff Kalomiris." (Doc. 98). This was docketed by the Clerk as the plaintiff's "Answer to Statement of Facts." A reply brief to a reply brief in not permitted. LR 7.1, et seq. The plaintiff's "Reply Brief" is not structured or presented as a response to numbered paragraphs of the defendant's LR 56.1 statement. The "Reply Brief" refers to the "original complaint", which was superseded by an amended complaint. It refers to "minutes that were

submitted as evidence" with the original complaint.  It states as to defendant Warden that,

> [a]lthough no one enters the Monroe County court house without being electronically scanned and patted down, Warden and his staff intimidated the Plaintiff and his witnesses by summoning the Sheriff on more than one occasion.
>
> Because of the conduct of Warden and his staff, the plaintiff, has never entered the Monroe County court house without an assistant and witnesses, to insure his safety.  Although Warden claims to be helpful to the Plaintiff, he has not to this day, provided the Plaintiff with the rules of the Court, although the Plaintiff asked for them many times.

(Doc. 98).

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by

"'showing'-- that is, pointing out to the district court --
that there is an absence of evidence to support the nonmoving
party's case." *Id.* at 325.  Once the moving party has met its
burden, the nonmoving party may not rest upon the mere
allegations or denials of its pleading; rather, the nonmoving
party must "set out specific facts showing a genuine issue for
trial."  Fed.R.Civ.P. 56(e)(2).

A material factual dispute is a dispute as to a factual
issue the determination of which will affect the outcome of the
trial under governing law. *Anderson v. Liberty Lobby, Inc.*, 477
U.S. 242, 248 (1986).  "Only disputes over facts that might
affect the outcome of the suit under the governing law will
properly preclude the entry of summary judgment." *Id.*

Summary judgment is not appropriate when there is a
genuine dispute about a material fact. *Id.* at 248.  A dispute
as to an issue of fact is "'genuine' only if a reasonable jury,
considering the evidence presented, could find for the non-
moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d
Cir. 1988).  "Where the record taken as a whole could not lead
a rational trier of fact to find for the non-moving party,
there is no 'genuine issue for trial.'" *Matsushita Elec.*

*Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).
"If the evidence is merely colorable . . . or is not
significantly probative . . . summary judgment may be granted."
*Anderson, supra,* 477 U.S. at 249-50.  In determining whether a
genuine issue of material fact exists, the court must consider
all evidence in the light most favorable to the non-moving
party.  *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d
Cir. 1988).

At the summary judgment stage, the judge's function is
not to weigh the evidence and determine the truth of the
matter, but is to determine whether there is a genuine issue
for trial. *Anderson, supra,* 477 U.S. at 249.  The proper
inquiry of the court in connection with a motion for summary
judgement "is the threshold inquiry of determining whether
there is the need for a trial - whether, in other words, there
are any genuine factual issues that properly can be resolved
only by a finder of fact because they may reasonably be
resolved in favor of either party." *Id.* at 250.

"[T]he plain language of Rule 56(c) mandates the entry
of summary judgment, after adequate time for discovery and upon
motion, against a party who fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex, supra*, 477 U.S. at 322. "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

   The plaintiff's failure to appear for his deposition in combination with the absence of any affidavit or statement of facts in dispute prevents the court from having from the plaintiff a more detailed and specific statement and explanation of the plaintiff's claim that defendant Warden denied him access to the court than is presented in the brief statement in the plaintiff's amended complaint and, even if it is considered even though it is not filed in compliance with the Rules of Court, what the plaintiff asserts in his "Reply Brief" (Doc. 98).[3]

─────────────────

3. To assert with no more detail about the circumstances, at the summary judgment stage, that the Clerk of Court summoned the Sheriff and that the plaintiff was not provided with a copy
                                                    (continued...)

The plaintiff, who would have the burden at trial of proving his claim against defendant Warden, does not demonstrate in opposition to the defendant's motion for summary judgment that he would be able to prove the claim. Defendant Warden in his affidavit has addressed the plaintiff's appearances in the Office of the Prothonotary in a description that is not specific and that does not provide details. But the plaintiff's amended complaint did not provide specific allegations about those occasions, and accordingly the defendant's generalized statement is not inappropriate. Furthermore, the plaintiff does not provide details in opposition to defendant Warden's motion. There is no basis presented for a finding to be made that there is any evidence that defendant Warden denied access to the court on the part of plaintiff Kalomiris. It is not in dispute that defendant Warden did not deny access by the plaintiff to the court.

The defendant is entitled to reasonable sanctions for the plaintiff's failure to respond to discovery requests and to appear for his noticed deposition. The sanction of dismissal

---

3. (...continued)
of the court's rules is not proof of a denial of the right of access to the court.

would not be beyond the range of appropriate sanctions even if the only matter presented were the matter of the plaintiff's failure to cooperate in the discovery process, since the discovery period is closed, since the court had specifically ordered (Doc. 85) the deposition of the plaintiff and since a defendant is certainly entitled to depose the plaintiff. Independent of the sanctions issue, the defendant has established entitlement to summary judgment in his favor and against the plaintiff because on the summary judgment record there is not a dispute as to a material issue of fact and defendant Warden is entitled to judgment in his favor as a matter of law.

It is recommended that the motion of defendant Warden for summary judgment be granted and that summary judgment in favor of defendant Warden and against the plaintiff be granted. It is recommended that the motion of the defendant for sanctions against the plaintiff be denied as moot. It is recommended that the Clerk be instructed to close the case.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  March 3, 2010.